IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHUTOSH SHARMA, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:21-cv-2486 |
| | § § | |
| AMAZON WEB SERVICES, INC., | § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ashutosh Sharma ("Sharma" or "Plaintiff"), Plaintiff in the above-styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of Amazon Web Services, Inc. ("Amazon" or "Defendant"), and for cause of action, would show as follows:

### I. INTRODUCTION

1. This action seeks back pay, front pay, compensatory damages, punitive damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for discrimination on the basis of age, national origin, race, and disability, as well as retaliation suffered by Sharma, in the course of his employment with Defendant. Sharma complains that he was discriminated against regarding the terms and conditions of his employment because of age, national origin, race, and disability, and that he was subsequently retaliated against for engaging in protected activity. Sharma demands a jury on all issues triable to a jury.

1

## II.  PARTIES

2. Sharma is a citizen of the United States and is currently a resident of Irving, Texas.

3. Amazon is a Delaware for-profit corporation with a principal place of business in Seattle, Washington.  Defendant also regularly conducts business in this judicial district, including in Addison, Texas.  Defendant's registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, which may be served at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever the agent may be found.

## III.  JURISDICTION AND VENUE

4. This action is brought under 42 U.S.C. § 1981, as well as under the Texas Commission on Human Rights Act ("TCHRA"), as codified in the Texas Labor Code § 21.001, *et seq*.  The jurisdiction of this Court is invoked to secure the protection of and redress the deprivation of rights secured by Chapter 21 of the Texas Labor Code, protecting people from employment discrimination and retaliation.

5. The parties to this litigation are citizens of different states, and the amount in controversy exceeds the jurisdictional limit of $75,000.00.  Therefore, there is complete diversity of citizenship between the parties.  28 U.S.C. § 1332(a).  This Court has jurisdiction over all claims in this action.  The amount in controversy is within the jurisdictional limits of this Court.

6. The unlawful employment practices were being committed within the jurisdiction of the United States District Court for the Northern District of Texas–Dallas Division, as all of the acts and conduct charged herein occurred in this District.

## IV.  PROCEDURAL REQUISITES

7. Sharma filed Charges of Discrimination ("Charges") against Defendant under Charge Numbers 450-2019-02933 and 450-2021-01634 with the U.S. Equal Employment

Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWCCRD") on April 1, 2019 and October 4, 2019, respectively. In his Charges, Sharma asserted that Defendant discriminated against him because of his age, national origin, and disability, and that Defendant retaliated against him.

8. On August 16, 2021, upon Sharma's request, the TWCCRD issued "Notice of Right to File a Civil Action" letters, entitling Sharma to file an action in this Court.

9. The filing of this lawsuit has been accomplished within sixty (60) days of Sharma's receipt of the "Notice of Right to File Civil Action" letters.

10. All conditions precedent to filing this cause of action have been met.

### V.   FACTS

11. Sharma began his employment with Defendant as a Level 6 Senior Technical Account Manager ("TAM") in Enterprise Support in Defendant's DFW office on or about November 12, 2018. He is from India, speaks with an accent, and is 45 years old. Sharma initially reported to Art Cuellar. However, within five (5) weeks or so of the commencement of his employment, as a result of a company reorganization, Sharma began reporting to Pieter Loggenberg ("Loggenberg"), who is Caucasian and was at that time 40 years old.

12. Jeremy Hall ("Hall") worked on Sharma's team as a Level 5 TAM. Loggenberg treated Hall, who is Caucasian and was under 40 years of age, more favorably than Sharma by, among other things, permitting Hall to attend trainings and out-of-town, in-person customer site visits, while Loggenberg cancelled a critical OBAM training for Sharma and also precluded Sharma from attending in-person customer site visits that were not in the DFW area. Loggenberg also changed Sharma's customer accounts eleven (11) times in eleven (11) months, which was more than Hall and other team members experienced.

13. In or about February 2019, Loggenberg was notified that Sharma suffered from carpal tunnel syndrome. Nevertheless, neither Loggenberg nor any other representative of Defendant reasonably accommodated Sharma in connection with his disability, nor did Defendant engage in the interactive process with Sharma with respect to his disability; instead, Defendant forced Sharma to take short-term disability. When Sharma's short-term disability leave concluded, Defendant asked Sharma to report to work in a demoted capacity.

14. Beginning in late February 2019, Sharma lodged complaints about Loggenberg's treatment of him. Specifically, on February 25, 2019 and February 28, 2019, Sharma reported Loggenberg's discriminatory actions. In early to mid-March 2019, Sharma also complained of age and national origin discrimination and retaliation to Loggenberg's supervisor and to a Human Resources business partner. On or about March 14, 2019, Sharma emailed Oliver Brandt in Employee Relations to report discrimination and retaliation by Loggenberg. During the same time frame, Sharma also filed an EthicsPoint complaint about Loggenberg's actions. Sharma filed his first Charge of Discrimination with the EEOC and TWCCRD, complaining of age and national origin discrimination, as well as retaliation, on or about April 1, 2019.

15. After Sharma reported Loggenberg, Sharma's high-profile customers were taken away. Higher profile customers were given to Hall. Loggenberg continued to deny Sharma's training requests, and trainings that had been scheduled previously were cancelled or postponed. Sharma's employee benefits discount was cancelled. Although Sharma attempted to leave Loggenberg's group, applying for over 62 other positions at Defendant, Loggenberg thwarted Sharma's efforts, providing Sharma with a negative reference, in retaliation for Sharma lodging discrimination and retaliation complaints against Loggenberg.

16. On September 30, 2019, Defendant terminated Sharma's employment.

4

17. At all times, Sharma was qualified for the position that he held with Defendant, as well as the other positions for which he applied at Defendant.

### VI.   AGE DISCRIMINATION UNDER CHAPTER 21 OF THE TEXAS LABOR CODE

18. Sharma incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

19. Sharma, an individual who was over the age of 40 years at the time of his termination, and a member of a protected class, suffered an adverse employment action, which action was based on Sharma's age, when Defendant treated Hall more favorably, when it demoted Sharma, and when Defendant terminated Sharma's employment. Non-protected class employees (employees less than 40 years of age) of Defendant were not treated in the same manner.

20. There was no legitimate non-discriminatory reason for Defendant's decision to discharge Sharma.

21. Defendant's stated reasons for discharging Sharma were false.

22. Other direct and/or circumstantial evidence exists showing that Defendant intended to discriminate on the basis of age in reaching its decision to treat Hall more favorably, demote Sharma, and ultimately discharge Sharma.

23. Age was one or more of the causal factors in Defendant's decision to discharge Sharma.

24. By treating Hall more favorably, demoting Sharma, and discharging Sharma, Defendant violated § 21.051 of the Texas Labor Code, which provides that an employer commits an unlawful employment practice if because of age the employer discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment.

25. As a result of Defendant's actions, Sharma has suffered lost wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer in the future.

26. Additionally, the aforementioned actions were done willfully or with reckless disregard for the protected rights of Sharma.

### VII.  NATIONAL ORIGIN DISCRIMINATION UNDER CHAPTER 21 OF THE TEXAS LABOR CODE

27. Sharma incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

28. Sharma, who is Indian and a member of a protected class, suffered adverse employment actions, which actions were based on Sharma's national origin, when Defendant treated Hall more favorably, when it demoted Sharma, and when it terminated Sharma's employment. Non-protected class employees (employees who are not Indian, including Hall) of Defendant were not treated in the same manner.

29. There was no legitimate non-discriminatory reason for Defendant's decision to discharge Sharma.

30. Defendant's stated reasons for discharging Sharma were false.

31. Other direct and/or circumstantial evidence exists showing that Defendant intended to discriminate on the basis of national origin in reaching its decision to ultimately discharge Sharma.

32. National origin was one or more of the causal factors in Defendant's decision to treat Hall more favorably, demote Sharma, and discharge Sharma.

33. By treating Hall more favorably, demoting Sharma, and discharging Sharma, Defendant violated § 21.051 of the Texas Labor Code, which provides that an employer commits

an unlawful employment practice if because of national origin the employer discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment.

34. As a result of Defendant's actions, Sharma has suffered lost wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer in the future.

35. Additionally, the aforementioned actions were done willfully or with reckless disregard for the protected rights of Sharma.

### VIII. DISABILITY DISCRIMINATION UNDER CHAPTER 21 OF THE TEXAS LABOR CODE

36. Sharma incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

37. Sharma, who suffers a disability, has a record of impairment, and/or was regarded by Defendant as having a disability, was subjected to discrimination, which discrimination was based upon Sharma's disability, record of impairment, and/or perceived disability, in violation of Chapter 21 of the Texas Labor Code. Sharma was qualified for the position he occupied and suffered adverse employment actions because of his disability, record of impairment, and/or perceived disability. The discrimination complained of affected a term, privilege, or condition of Sharma's employment with Defendant.

38. The Texas Labor Code provides that an employer commits an unlawful employment practice if because of disability the employer discriminates in any manner against an individual in connection with the terms, conditions, or privileges of employment. The Texas Labor Code further provides that an employer commits an unlawful employment practice if because of disability the employer limits, segregates, or classifies an employee in a manner that would deprive

or tend to deprive the employee of any employment opportunity or adversely affect in any other manner the status of the employee.

39. Section 21.128 of the Texas Labor Code provides that an employer commits an unlawful employment practice if the employer fails or refuses to make a reasonable workplace accommodation to a known physical or mental limitation of an otherwise qualified employee with a disability.

40. An unlawful employment practice occurred in this instance because Defendant discriminated against Sharma because of his disability, because he had a record of impairment, and/or because Defendant perceived Sharma as disabled.

41. An unlawful employment practice occurred in this instance because Defendant discharged Sharma because of his disability, because he had a record of impairment, and/or because Defendant perceived Sharma as disabled.

42. An unlawful employment practice occurred in this instance because Defendant failed or refused to make a reasonable workplace accommodation for Sharma's disability and failed to engage in the interactive process with him.  Instead, Defendant forced Sharma onto short-term disability.

43. Sharma's disability discrimination/failure to accommodate/failure to engage in the interactive process claims under Chapter 21 of the Texas Labor Code are only against Defendant.

### IX.     RETALIATION UNDER CHAPTER 21 OF THE TEXAS LABOR CODE

44. Sharma incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

45. Sharma complained of discriminatory behavior by Loggenberg to multiple representatives of Defendant on multiple occasions in both February and March 2019.  Sharma

also filed his first Charge of Discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission Civil Rights Division on or about April 1, 2019.  In response, Sharma's high-profile customers were taken away (higher profile customers were given to Hall); Loggenberg continued to deny Sharma's training requests, and trainings that had been scheduled previously were cancelled or postponed; Sharma's employee benefits discount was cancelled; and Loggenberg thwarted Sharma's efforts to find another position in another group at Defendant, providing Sharma with a negative reference.  Ultimately, Defendant terminated Sharma's employment.

46. An employer commits an unlawful employment practice if the employer retaliates against a person who, under § 21.055 of the Texas Labor Code, opposes a discriminatory practice; makes or files a charge; files a complaint; or testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

47. As a result of Defendant's actions, Sharma has suffered lost wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer in the future.

48. Additionally, the aforementioned actions were done willfully or with reckless disregard for the protected rights of Sharma.

### X.   VIOLATION OF SECTION 1981, SECTION 1981A, AND THE CIVIL RIGHTS ACT OF 1991

49. Sharma incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

50. Sharma is an Indian male, a group that 42 U.S.C. § 1981a intended to protect.  As such, Sharma is a member of an ethnic group which is – and is commonly perceived as being – ethnically and physiognomically distinct.

51. As described above, Defendant treated Sharma less favorably than his Caucasian counterparts/team members and ultimately terminated Sharma because of his race and in retaliation for his complaints about the actions of Loggenberg. Defendant also subjected Sharma to different terms, conditions, and privileges of employment because of his race and in retaliation for his complaints about the actions of Loggenberg, in violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and 42 U.S.C. § 1981, for which Sharma requests economic, compensatory, and punitive damages.

## XI.  EXEMPLARY DAMAGES

52. Defendant's actions were harsh, oppressive, and malicious. The wrong done by Defendant was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Defendant acted with an evil intent to harm Sharma. The conduct was intentional and without justification or excuse. Sharma, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## XII.  JURY DEMAND

53. Sharma requests a trial by jury on issues triable by a jury in this case.

## XIII.  PRAYER

WHEREFORE, Plaintiff Ashutosh Sharma respectfully prays that upon final trial hereof, this Court grant him appropriate back pay, including, but not limited to, his salary, bonuses, and benefits; reinstatement, or if reinstatement is deemed not feasible, front pay, including his salary, bonuses, and benefits; mental anguish and emotional distress in the past and the future; compensatory damages; punitive damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred

in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: */s/ Daryl J. Sinkule*
DARYL J. SINKULE
State Bar No. 24037502
djs@kilgorelaw.com
Kilgore Law Center
3109 Carlisle Street
Dallas, Texas 75204-1194
Telephone: (214) 969-9099
Facsimile: (214) 379-0843

**ATTORNEYS FOR PLAINTIFF
ASHUTOSH SHARMA**