UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHUTOSH SHARMA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-2486-X |
| | § | |
| AMAZON WEB SERVICES, INC., | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Amazon's partial motion to dismiss plaintiff Ashutosh Sharma's complaint under Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Court **GRANTS** Amazon's motion and **DISMISSES WITH PREJUDICE** all of Sharma's claims alleged under Chapter 21 of the Texas Labor Code.  In light of the Court granting this partial motion to dismiss, by June 21, 2022, the parties **ARE ORDERED** to file a joint status update and proposal for contents of scheduling and discovery order—like the one ordered on November 16, 2021 [Doc. No. 12].

**I. Background**

Sharma worked for the defendant, Amazon Web Services, at Amazon's Dallas-Fort Worth office for about eleven months.  Sharma is forty-five years old, is from India, and speaks with an accent.  Sharma also alleges that he has carpal tunnel syndrome.  Soon after he began his employment with Amazon, Sharma began reporting to a Caucasian, forty-year-old man named Pieter Loggenberg.  Sharma

1

alleges that Loggenberg treated younger, white, non-disabled employees better than he treated Sharma.

On April 1, 2019, Sharma filed charges of discrimination with the United States Equal Employment Opportunity Commission.  On September 30, 2019, Amazon fired Sharma.  On October 4, 2019, Sharma filed charges of discrimination with the Texas Workforce Commission's Civil Rights Division.  On October 11, 2021, Sharma filed his complaint in this Court.[1]  He asserts discrimination and retaliation claims under 42 U.S.C. § 1981 and under Chapter 21 of the Texas Labor Code.

Amazon has moved to dismiss all of Sharma's claims arising under Chapter 21 of the Texas Labor Code.[2]  Amazon argues that the claims are time-barred.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[3]  To survive a motion to dismiss, the claimant must allege enough facts "to state a claim to relief that is plausible on its face."[4]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]  The Court may grant a motion to dismiss where it is evident from the

---

[1] Doc. No. 1.

[2] Doc. No. 7.

[3] *Lindsay v. United States*, 4 F.4th 292, 294 (5th Cir. 2021).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

pleadings that the action is time-barred and the pleadings fail to raise a legitimate basis for tolling.[6]

### III. Analysis

The Texas Labor Code requires civil claims under Chapter 21 to be brought before "the second anniversary of the date the complaint relating to the action is filed."[7]  In addition, "[f]ailure to issue the notice of a complainant's right to file a civil action does not affect the complainant's right under this subchapter to bring a civil action against the respondent."[8]  As the Fifth Circuit has explained, regardless of "[w]hether [the complainant] receives a [right to sue] letter or not, the *complainant must institute her state suit within two years of filing the administrative complaint*."[9] This "two-limitations period is mandatory, though not jurisdictional."[10]

Here, there is no dispute that Sharma filed this civil suit (on October 11, 2021) after the second anniversary of filing his administrative complaints with the Equal Employment Opportunity Commission (on April 1, 2019) and the Texas Workforce Commission Civil Rights Division (on October 4, 2019).  So Amazon says Sharma's Chapter 21 claims should be dismissed with prejudice.

In response, Sharma acknowledges the two-year statute of limitations, but appears to argue—without using these words—that his delay is justified and that the

---

[6] *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014).

[7] TEX. LAB. CODE § 21.256.

[8] *Id.* at § 21.252(d); *Vielma v. Eureka Co.*, 218 F.3d 458, 463 (5th Cir. 2000) (noting same).

[9] *Vielma*, 218 F.3d at 463 (emphasis added) (citing TEX. LAB. CODE § 21.256).

[10] *Seghers v. Hilti, Inc.*, No. 4:16-CV-0244, 2016 WL 6778539, at *5 (S.D. Tex. Nov. 16, 2016) (citing *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 169 (5th Cir. 2014)).

Court should allow his claims under an equitable-tolling theory.  Sharma asserts "that because the EEOC did not enter or assign Sharma's Charge until December 31, 2020—over one (1) year after he submitted his Charge to the EEOC—the effective date of the filing of Sharma's Charge should be deemed to be December 31, 2020."[11] But Sharma provides no caselaw supporting his argument.

The text of the Texas Labor Code is clear: the statute of limitations begins running on the day that "the complaint relating to the action *is filed*."[12]  It does not say anything about when the agency "enters" or "assigns" the complainant's charge. Sharma doesn't explain to the Court or provide any caselaw justifying his delay based on the agency's timeline in assigning Sharma's discrimination charge to an investigator.  The Fifth Circuit caselaw leans in the other direction, as that Court has explained that a pending administrative complaint with the agency does not prevent a complainant from filing a civil suit.[13]

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some other extraordinary way from asserting his rights."[14]  It "is a narrow exception" and "should be 'applied sparingly.'"[15]  Sharma simply hasn't shown that he is entitled to equitable tolling.

---

[11] Doc. No. 14 at 4.

[12] TEX. LAB. CODE § 21.256 (emphasis added).

[13] *See, e.g.*, *Vielma*, 218 F.3d at 463.

[14] *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

[15] *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011) (quoting *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002)).

Accordingly, his claims arising under Chapter 21 of the Texas Labor Code are time-barred.

### IV. Conclusion

For these reasons, the Court **DISMISSES WITH PREJUDICE** all of Sharma's claims arising under Chapter 21 of the Texas Labor Code.

**IT IS SO ORDERED** this 24th day of May, 2022.


_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE